JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1 U.S. Government Plaintiff
❏ 2 U.S. Government Defendant
❏ 3 Federal Question *(U.S. Government Not a Party)*
❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND (Southern Division)

| | | |
|---|---|---|
| **ELIZABETH A. O'CONNOR** | * | |
| **25380 Mount Sterling Court** | * | |
| **Mechanicsville MD 20659** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Case No.** _____ |
| | * | |
| **ST. MARY'S COUNTY SHERIFF'S OFFICE** | * | |
| **By and Through Lieutenant Michael Gardner,** | * | |
| **Office of Professional Responsibilities, in his** | * | |
| **Official Capacity as a representative of the** | * | |
| **St. Mary's County Sherriff's Office** | * | |
| **23150 Leonard Hall Drive** | * | |
| **Leonardtown, Maryland 20650** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**COMES NOW** the Plaintiff Elizabeth A. O'Connor, nee Goodwin, and files this Complaint against Defendant St. Mary's County Sherriff's Office on the following grounds:

## INTRODUCTION

1. This is an action for discrimination based on sex, sexual harassment, retaliation, unequal terms and conditions, and hostile work environment pursuant to 42 U.S.C. §2000e et seq (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991. In addition, this action is being brought in violation of Plaintiff's rights under Maryland's Law Enforcement Officers' Bill of Rights, pursuant to Md. Public Safety Code Ann §3-101 et seq.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 USC §1331 and 28 USC §1343. Defendants are an "employer" engaged in an industry affecting commerce as defined by 42 USC §2000e(b) and pursuant to §20-601(d) of Md. Code Ann. State Gov.

3. This court has personal jurisdiction over the parties all of whom are located in Maryland.

## THE PARTIES

4. The Plaintiff is a female residing in the State of Maryland and is over the age of 18.

5. Defendant, St. Mary's County Sheriff's Office is a municipal government entity doing business in the State of Maryland.

## VENUE

6. Defendant is an employer and conducts business in the State of Maryland. All actions by Defendant alleged herein occurred with the District of Maryland. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. 1391 (b) and (c).

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is a police officer who joined the St. Mary's County Sheriff's Department on or about 06/09/2000.

8. In 2007 she tested Number 1 for a position in the K-9 Division but the K-9 Trainer, Cpl. Frank Fowler, refused to endorse her for the open position.

2

9.  Additionally, Capt. Daniel Alito told Capt. Jack McCauley of the Maryland State Police, that there "ain't no way that fucking cunt is ever getting into the K-9".

10. Despite Capt. Alito and Cpl. Fowler's opposition, the Plaintiff became the first female canine handler working in the K-9 unit which previously consisted of all white males.

11. Immediately upon joining the K-9-unit, Plaintiff began to experience hostile, insulting, and humiliating comments by her male co-workers, including Fowler, who said things like "you know someone else would like to be in K-9," "I can take your dog from you anytime," and criticizing her performance by asking her if it was "her time of the month."

12. Additionally, Fowler was sending O'Connor home early rather than training her and others and not documenting the training that O'Connor was completing.

13. After O'Connor reported the issues within the K-9 unit, it was temporarily pulled off of the road and Officer Todd Fleenor was sent to a "Train the Trainer" class with the Maryland State Police Dept.

14. Additionally, she was subject to comments by her male co-workers making sexual comments about women including that women could never advance "without spreading your legs."

15. Fleenor, to whom Plaintiff reported, and Officer Bill Rishel made jokes about women, including trading her, the only female K-9 Officer, with the Anne Arundel Police Dept.'s only female K-9 officer.

16. Fleenor and Rishel told Plaintiff that if she became pregnant she would be transferred out of the K-9 Unit.

17. Fleenor approached Plaintiff while she was running in shorts and told her that he wished he didn't have to leave because he would like to be running after that. Fleenor also slapped her on the buttocks with a water jug.

3

18. Fleenor and Rishel asked her why she had an attitude about their sexual comments and told her she couldn't file a sexual harassment claim on them as "you go along with it."

19. Another member of the Department, Captain Daniel Alioto treated Plaintiff less favorably than her male co-workers and referred to her as a "fucking cunt."

20. When Plaintiff's canine had a tooth problem and she had to take the dog to the veterinarian for care, she was forced to do this on her own time; her co-worker, Cpl. Fleenor had to take his canine to the veterinarian for an eye problem and was given a "duty day" with pay for the time he was with the dog at the vet.  Plaintiff requested that she be given a "duty day" but was denied.

21. Plaintiff complained on or about 05/13/2011 to her supervisor, Sgt. Edward Evans but neither he nor the department investigated or took any action in response to the concerns voiced by her.  Instead, her employer subjected her to trivial investigations, psychological evaluations to determine her fitness for duty, and when her dog retired some time that summer, she was denied another dog, despite the department's practice of providing male officers with dogs after theirs had retired.

22. Plaintiff was thrown out of the K-9 unit and assigned to patrol.  Plaintiff was replaced on the K-9 unit with a male, Jason Graves, making the K-9 Unit again consist of only white males again.

23. Despite being thrown off of the K-9 Unit for "decision making issues," three (3) months after her removal she was sent to Field Officer Training School and trained six (6) officers over the next four (4) years.

24. Plaintiff was subjected to different treatment based on her sex, was subjected to sexual harassment and forced to work in a hostile work environment. When she filed a complaint, her employer retaliated against her, all in violation of Title VII.

25. On or about 07/08/2011 Plaintiff filed a timely Charge of Discrimination (charge # 531201101788 with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment, hostile work environment, and discrimination in the terms and conditions of employment based on Plaintiff's sex. Plaintiff also complained of retaliation. (A true and accurate copy of the EEOC Charge of Discrimination #531201101788 is attached hereto as **Exhibit "A"**)

26. The Plaintiff has satisfied all statutory prerequisites for filing this action.

27. On or about August 18, 2017, Plaintiff received her "Dismissal and Notice of Rights" letter from the EEOC for her Charge of Discrimination. (A true and accurate copy of the EEOC "Dismissal and Notice of Rights" letter for EEOC Charge of Discrimination # 53120110788 is attached hereto as **Exhibit "B"**).

28. The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice of Right to Sue" letter from the EEOC.

29. Defendant's discriminatory and illegal conduct, in violation of Title VII and the Law Enforcement Officers' Bill of Rights, has caused the Plaintiff to suffer a loss of pay, benefits, promotion potential, prestige, and other employment opportunities.

30. Defendant's action has caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages pursuant to 42 U.S.C. §1981a.

31. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. §1981a.

32. Defendant's sexual discrimination against plaintiff is part of a pattern of behavior that has resulted in similar claims by female officers including Abby Perkins, Heather Allen, Jennifer Richards, and Nicole Fahey.

## COUNT ONE
## TITLE VII – GENDER

33. Plaintiff incorporates herein paragraphs 1 through 32 of her Complaint.

34. Plaintiff was subjected to unequal treatment than her male co-workers with regard to pay for taking their canines to the veterinarian for medical care.

35. Plaintiff was subjected to inappropriate sexual comments about women in the workplace which were humiliating to her.

36. Plaintiff was directly harassed by her co-workers by inappropriately touching her, making lewd sexual comments and threatening her if she became pregnant.

37. Plaintiff complained to her supervisor and was retaliated against by being subjected to an unwarranted psychological evaluation.

38. Plaintiff was denied another dog when her canine retired, despite the Department's practice of giving the male officers another dog when theirs retired.

39. Defendant retaliated against Plaintiff by removing her from the K-9 unit and replacing her with a male officer.

40. Defendants have engaged in intentional gender discrimination in the terms and conditions of the Plaintiff's employment, including but not limited to, refusing to provide Plaintiff with paid

time off to seek medical care for her dog, subjecting Plaintiff to psychological evaluations for no reason, refusing to provide her with a dog after hers retired, and threw her off the K-9 unit.

## COUNT II
### Violation of Law Enforcement Officer's Bill of Rights

41. Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 40 of the Complaint.

42. Plaintiff is a law enforcement officer in the State of Maryland pursuant to Md. Public Safety Code Ann §3-101 et seq. and is considered a public employee.

43. Plaintiff was retaliated against by Defendant for exercising rights guaranteed to her as a public employee by the United States Constitution.

44. Defendant violated Plaintiff's procedural due process protections when it refused to provide her with another dog when hers retired and threw her off the K-9 unit.

45. Further pleading, Plaintiff was retaliated against in violation of §3-103(d)iii of the Law Enforcement Officers' Bill of Rights when she reported the battery and discrimination based on her sex, by the unlawful touching of Cpl. Fleenor when he slapped her in the buttocks with a water bottle, when Fleenor threatened her that if she became pregnant she would be thrown out of the unit, Fleenor's comments that "he wanted to run after that" when she was running in shorts, and Captain Alioto's reference to her as a "fucking cunt."

## CAUSATION AND DAMAGES

46. As a direct and proximate result of Defendant's actions detailed in the above claims the Plaintiff has suffered, and continues to suffer irreparable monetary and emotional injuries

relating to her employment with the Defendant and the Defendant's violations of her legal rights.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Elizabeth A. O'Connor, nee Goodwin, prays for judgment as follows:

A.    That the court order Defendant reinstated to her position on the canine unit.

B.    That the court grant full front pay to the Plaintiff;

C.    That the court grant full back pay to the Plaintiff

D.    That the court grant plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct in an amount in excess of $75,000.00;

E.    That the court grant Plaintiff punitive damages for Defendant's malicious and recklessly indifferent conduct;

F.    That the court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

G.    That the court grant Plaintiff expenses of litigation, including reasonable attorney's fees, pursuant to Title VII and/or 42 U.S.C. §1988;

H.    That the court grant temporary, preliminary and permanent injunctive relief prohibiting Defendants from engaging in further Discriminatory conduct.

Respectfully Submitted,

**BYRD & BYRD, LLC**

/s/

_____
Timothy P. Leahy, Esquire, No. 15084
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448 Ext. 105
(301) 805-5178 – Fax
tleahy@byrdandbyrd.com
*Attorney for Plaintiff Elizabeth O'Connor*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury.

/s/
_____
Timothy P. Leahy, Esquire, No. 15084

# EX. A

EEOC Form 5 (1 I09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA<br>☒ EEOC | 531-2011-01788 |

| Maryland Commission On Human Relations | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Elizabeth A. Goodwin | (301) 904-9833 | ▇▇▇▇▇ |

| Street Address | City, State and ZIP Code |
|---|---|
| 7475 Belle Ridge Court, Hughesville, MD 20637 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ST. MARY'S COUNTY SHERIFF'S DEPT | 201 - 500 | (301) 475-4040 |

| Street Address | City, State and ZIP Code |
|---|---|
| 23150 Leonard Hall Drive, Leonardtown, MD 20650 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **11-01-2010**   Latest **06-13-2011**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I began my employment with the above Respondent on June 9, 2000. My current position is as a Corporal. I am the only female K-9 Officer in my unit. From the beginning of my employment I was treated differently due to my sex, female. I would be humiliated by hearing male officers making sexual comments about women. Other examples include Cpl. Todd Fleenor constantly shouting at me and using foul and inappropriate language. In March 2011 while running in my shorts, he made the comment "I wish I didn't have to leave because I would like to be running after that", he has slapped me in the butt with a water jug, and warned me that if I get pregnant I will be kicked out of the unit. Captain Daniel Alioto has referred to me as a "F'in cunt". I am treated less favorable. On May 13, 2011, I complained to Sgt. Edward Evans, my supervisor, but nothing was done. I am not allowed the same treatment as my male coworkers. Cpl. Todd Fleenor, male was allowed to take his dog to an eye specialist during duty day, but when my dog need to see a dentist, my request was denied because I had a duty day. I never spoke up for fear of retaliation. The harassment continues to get worse. I am constantly being investigated for no reason.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **7/18/11**  *(signature)*<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 531-2011-01788 |

Maryland Commission On Human Relations _____ and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

    II.   Respondent has taken no action to address my complaint.

    III.  I believe I have been discriminated against because of my sex (female) when I was subjected to sexual harassment, hostile work environment, and unequal terms and conditions, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jul 18, 2011**     *[signature]*<br>    Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Tom Sacks<br>Human Resources<br>ST. MARY'S COUNTY SHERIFF'S DEPT.<br>23150 Leonard Hall Drive<br>Leonardtown, MD 20650 | Elizabeth A. Goodwin |

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**531-2011-01788C**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **04-SEP-11**    a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by    **18-AUG-11**    to    **Samantha Watts, ADR Mediator, at  (410) 209-2753**
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Judy W. Cassell,<br>Enforcement Manager | Baltimore Field Office<br>10 South Howard St<br>3rd Floor<br>Baltimore, MD 21201<br>Fax: (410) 209-2221 |
|---|---|
| *EEOC Representative* | |
| *Telephone*    **(410) 209-2743** | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race    [ ] Color    [X] Sex    [ ] Religion    [ ] National Origin    [ ] Age    [ ] Disability    [ ] Retaliation    [ ] Genetic Information    [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| August 4, 2011 | Gerald S. Kiel,<br>Director | |

*Enclosure with EEOC*
*Form 131 (11/09)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

TO:  **Maryland Commission On Human Relations**
**6 St. Paul Street**
**Suite 900**
**Baltimore, MD 21202**

Date

EEOC Charge No.
      **531-2011-01788C**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

 **Elizabeth A. Goodwin**  v.  **ST. MARY'S COUNTY SHERIFF'S DEPT**
 *Charging Party*        *Respondent*

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC  ☐ _____ *Name of FEPA*  on  **Jul 18, 2011** *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver  ☐ FEPA waives

☐ No waiver requested  ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

Typed Name of EEOC or FEPA Official
 **Gerald S. Kiel**

Signature/Initials

 **Elizabeth A. Goodwin**  v.  **ST. MARY'S COUNTY SHERIFF'S DEPT**
 *Charging Party*        *Respondent*

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

Typed Name of EEOC or FEPA Official
 **Henry B. Ford, Jr.**

Signature/Initials

TO:  **Baltimore Field Office**
**10 South Howard St**
**3rd Floor**
**Baltimore, MD 21201**

Date

EEOC Charge No.
      **531-2011-01788C**

FEPA Charge No.

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EX. B

**U.S. Department of Justice**

Civil Rights Division

---

**JMG:KDW:KLF**
DJ 170-35-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

AUG 1 8 2017

CERTIFIED MAIL 7010 0290 0000 2017 9981
RETURN RECEIPT REQUESTED

Ms. Elizabeth A. Goodwin
c/o John M. Singleton, Esquire
Singleton Law Group
101 W. Ridgely Road, Ste. 3A
Lutherville, MD 21095

Re:   Elizabeth A. Goodwin v. St. Mary's County Sheriff's Department
EEOC Charge No. 531-2011-01788

Dear Ms. Goodwin:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

We are returning the files in this matter to EEOC's Baltimore Field Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Rosemarie Rhodes, Director, EEOC, 10 S. Howard St., 3rd Floor, Baltimore, MD 21201.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

By:

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

cc:   Elizabeth A. Goodwin
St. Mary's County Sheriff's Department
Ms. Glynnis Watford, Statewide EEO Coord.
Carl N. Zacarias, Asst. Attorney General
EEOC, Baltimore Field Office