| | |
|---|---|
| **ELIZABETH A. O'CONNOR,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * **Case No. 8:17-cv-03394-DKC** |
| | * |
| **TIMOTHY K. CAMERON,** | * |
| | * |
| **Defendant.** | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO COMPEL DISCOVERY ON TIMOTHY K. CAMERON

**COMES NOW** the Plaintiff, by and through undersigned counsel, and files this Motion to Compel Discovery against Timothy K. Cameron ("Defendant") and in support thereof states as follows:

On 4/26/2019, Plaintiff propounded Interrogatories and a Request for Production of Documents on Defendant. Thereafter Defendant produced initial Answers to Interrogatories and a number of documents.

On 8/10/2019 Plaintiff informed the Defendant of the discovery deficiencies. **Attached hereto as Exhibit 1.**

On 8/29/2019 Plaintiff sent another letter with more detailed information about the discovery deficiencies**, which is attached hereto as Exhibit 2.**

As of the date of filing this Motion, Defendant has not addressed the discovery deficiencies as follows:

**REQUEST FOR DOCUMENTS NO. 1:**

From 2007 to date any and all policies and procedures of Defendant, including but not limited to:

(a)     Employee personnel policies, sexual harassment policies, internal complaint or grievance procedures, EEO policies, discipline & termination policies;

(b)     Standard Operating Procedures (SOP) for all divisions;

(c)     Sheriff's Office Admin and Operations Manual

(d)     K-9 Standard Operating Procedures (SOP)

(e )    Employee Handbooks given to officers including the Plaintiff

(f)     Procedures for the usage and protocols for radio usage or other communications,

(g)     Procedures for the usage and protocols for laptop care, assignment, use & care of vehicles,

        (h)     Policies related to acceptable social media postings.

(i)     Document retention policies

(j)     K-9 unit policies including but not limited to assignment/reassignment of dogs, handling of dogs,  medical care for dogs, use of duty days or pay for medical care for dogs, compensation of K9 officers for additional time necessary to care for dogs, care for dogs when handler is not assigned or on leave, retirement or removal of dogs.

**RESPONSE TO REQUEST NO. 1:**

All  existing  non-privileged  responsive documents will be produced.

**REASON FOR DEFICIENCY:**

The response did not include the Defendant's employee personnel policies, sexual harassment policies, internal complaint or grievance procedures, discipline and termination policies. Additionally, the response did not include the Standard Operating Procedures ("SOP") for all divisions, Sheriff's Office Admin or Operation Manuals, Employee Handbook, Procedures for the usage and protocols for laptop care, assignment, use & care of vehicles, Policies related to acceptable social media postings. Document retention policies, K-9 unit policies including but not

limited to assignment/reassignment of dogs, handling of dogs, medical care for dogs, use of duty days or pay for medical care for dogs, compensation of K9 officers for additional time necessary to care for dogs, care for dogs when handler is not assigned or on leave, retirement or removal of dogs. In particular, with regard to K-9 policies, it appears there were no policies produced, although Defendant did produce an email from Cpl. Fleenor where he references to checking his records and files. As Cpl. Fleenor is not designated as corporate designee, the records and/or files that he mentions at a minimum, should be produced.

**REQUEST FOR DOCUMENTS NO. 2:**

Any and all documents relating to or evidencing any investigation by Defendant into Plaintiff's internal complaints of sexual harassment to Defendant, including but not limited to:

(a)     Written statements of witnesses

(b)     Notes of interviews with witnesses

(c)     Tape recordings of any and all oral statements and/or interviews of witnesses

(d)     Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses

(e)     Reports regarding the results of any and all investigations

(f)     Correspondence received from or sent to Plaintiff

(g)     Correspondence received from or sent to Defendant

(h)     Correspondence received from or sent to any person other than Defendant's counsel

(i)     Documents relating to or evidencing discussions between Plaintiff and Defendant

(j)     Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel

(k)     Documents received from or sent to any person other than Defendant's counsel

(l)     Documents which support, evidence, relate to or otherwise reflect any action taken by Defendant in response to Plaintiff's complaint.

**RESPONSE TO REQUEST NO. 2:**

All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

Defendant failed to provide complete information and claims the information requested is privileged. Notwithstanding their unsupported claim Defendant failed to provide a log outlining the documents upon which privilege is alleged as it relates to Plaintiff's claims. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be gender based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 4:**

All communications, emails, notes, or documents related to the reason and decision Plaintiff was referred in 2011 for psychological, psychiatric or fit for duty evaluations and counseling with Dr. Whitten, Dr. DiBernardo or any other health care provider counselor. Your response should include a copy of the relevant sections of the Int'l Assoc of Chiefs of Police guidelines, or other guidelines you used in making the referrals, and the evidence that such a referral was reasonable as Plaintiff may have been unable to safely or effectively perform her defined job and (2) the reasonable basis for believing that inability was attributable to a psychological condition or impairment and that no lesser restrictive alternate was available to you.

**RESPONSE TO REQUEST NO. 4:**

All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

The response is deficient as Defendant claims the information requested is privileged. No communications were produced, only the actual reports. Notwithstanding their unsupported claim of privilege, Defendant failed to provide a log outlining the documents upon which privilege is alleged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be gender based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 5:**

The complete personnel file of Defendant's employee/agents who are witness to any of the events alleged in Plaintiff's complaint, have alleged discrimination within the Sherriff's office, and/or are witnesses to any investigations of Plaintiff, including but not limited to the following:

a. Daniel Alioto

b. Todd Fleenor

c. James F.A. Fowler

d. Robert Russell

e. John Horne

f. Matthew Rogers

g. Michael Gardiner

h. Edward Evans

i. Sheena Tirpak

j.   Steve Simonds

k.   William Rishel

l.   Michael Almassey

m.   Steven Hall

n.   DFC Grumbles

o.   Lt. Cusic

p.   Terry Black

q.   DFC Nelson

r.   Julie Yinling

s.   From 2007 through 2011, any officer in the K9 Unit

**RESPONSE TO REQUEST NO. 5:** The Sheriff objects to this request in that it is overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's claims are for gender discrimination in the form of hostile work environment and retaliation and involve just a few individuals.  The Sheriff further objects on the basis that personnel files are deemed confidential under Maryland law, Md. Code Ann., Gen. Prov. § 4-311, and will not be produced except upon a showing of need and relevancy.  Without waiving that objection, the Sheriff will produce responsive documents relating to claims of gender discrimination involving any of the individuals named in this interrogatory, and the relevant documents from personnel files of alleged comparators Todd Fleenor, Jason Graves, and Matt Rogers that are relevant to the claims and time period in this case, such as discipline records, records of qualifications and training, and payroll time sheets.  Non-relevant records, such as personal and/or financial information will not be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the information requested was not produced. Nicole Fahey's documents referenced that she was forced to resign but a male Dep. Bowen was simply demoted, however, these files were not produced. Additionally, Dep. Bowen's file would be responsive to this request as would the files referenced by Julie Yingling including Cpl. Sarah Russell and Cpl. Cindy Allen. We discussed and agreed to maintain the confidentiality of documents relating to personnel issues and other sensitive information. Additionally, social security numbers can be redacted. The information sought is directly relevant to Plaintiff's claims and speak to the overall practices of the employer in the administration of its own policies. The information sought will also demonstrate the retaliation perpetrated against Plaintiff and the lack of any accountability on those involved in any discriminatory practices. Defendant seemingly is producing documents and information based on what he believes to be only gender discrimination. Plaintiff's claims include pervasive hostile treatment and retaliation. Moreover, these requests speak to the truthfulness of witnesses and should be produced accordingly.

**REQUEST FOR DOCUMENTS NO. 6:**

All of the following documents: formal write-ups; Documented Discussions; sustained complaints; non-sustained complaints; exonerated complaints; Internal Affairs Bureau and/or Office of Professional Responsibility complaints and investigative files; internal complaints and investigative files; external complaints and investigative files; documentation of training given on sexual harassment, discrimination and retaliation; job descriptions; performance reviews; bonuses awarded, including dates of bonus and amount for all of Defendant's employees/agents who are witnesses to any of the allegations contained in Plaintiff's Complaint, including but not limited to:

   a. Daniel Alioto

b. Todd Fleenor

c. James F.A. Fowler

d. Robert Russell

e. John Horne

f. Matthew Rogers

g. Michael Gardiner

h. Edward Evans

i. Sheena Tirpak

j. Steve Simonds

k. William Rishel

l. Michael Almassey

m. Steven Hall

n. Sen DFC Grumbles

o. Lt. Cusic

p. Terry Black

q. DFC Nelson

r. Julie Yinling

s. From 2007 through 2011, any officer in the K9 Unit

**RESPONSE TO REQUEST NO. 6:** The Sheriff objects to this request in that it is overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims are for gender discrimination in the form of hostile work environment and retaliation and involve just a few individuals. The Sheriff further objects on the basis that personnel files are deemed confidential under Maryland law, Md. Code Ann., Gen.

Prov. § 4-311, and will not be produced except upon a showing of need and relevancy. Without waiving that objection, the Sheriff will produce responsive documents relating to claims of gender discrimination involving any of the individuals named in this interrogatory, and the relevant documents from personnel files of alleged comparators Todd Fleenor, Jason Graves, and Matt Rogers that are relevant to the claims and time period in this case, such as discipline records, records of qualifications and training, and payroll time sheets. Non-relevant records, such as personal and/or financial information will not be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the information requested was not produced. Although Defendant produced documents on Alioto's ultimate resignation, this request was for all records for the individuals cited herein. Because Fowler's actions caused the K9 unit to be suspended, it follows that there are volumes of documents leading up to his retirement and why he was allowed to retire rather than being disciplined and/or terminated after the complaint made against him. Moreover, Defendant's response presupposes the individuals cited in the request is an exhaustive list of Sheriff's Office personnel and is thereby overly broad and unduly burdensome. The individuals cited in this request are relevant to Plaintiff's claim as these individuals were either directly involved in or complicit in illegal conduct contributing to this action. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim. Additionally, the information sought is directly relevant to Plaintiff's claims and speak to the overall practices of the employer in the administration of its own policies. The information sought will also demonstrate the retaliation perpetrated against Plaintiff and the lack of any accountability on those involved in any discriminatory practices.

Defendant seemingly is producing documents and information based on what he believes to be only gender discrimination. Plaintiff's claims include pervasive hostile treatment and retaliation. Moreover, these requests speak to the truthfulness of witnesses and should be produced accordingly.

**REQUEST FOR DOCUMENTS NO. 7:**

All Personnel Orders written concerning the Plaintiff, date of the Order and date Order was amended or rescinded, including but not limited to Personnel Order 11-1158 returning her to duty in July 2011.

**RESPONSE TO REQUEST NO. 7:** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

The response is deficient as Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Known orders are missing including Plaintiff's off work order for July 6, 2011, and back to work Order for July 10 to include Order 11-1158. Notwithstanding their unsupported claim Defendant failed to provide a log outlining the documents upon which privilege is alleged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 8:**

All documents, including emails, receipts, time records, pay stubs, audio recordings, or any other documents concerning Todd Fleenor's use of a duty day to obtain veterinary care for his dog and the denial of same to Plaintiff.

**RESPONSE TO REQUEST NO. 4: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendant's pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Notwithstanding their unsupported claim Defendant failed to provide a log outlining the documents upon which privilege is alleged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 9:**

From 2007 forward, the testing results for applicants for the position of Sgt, their ranking, the number of openings available at the time of that testing, the names of all individuals promoted to Sgt and the reasons why any Sgt positions were not filled.

**RESPONSE TO REQUEST NO. 9:** The Sheriff objects to this request in that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims are for

gender discrimination in the form of hostile work environment and retaliation in her reassignment out of the K9 unit in 2011. Plaintiff has not claimed she was denied a promotion to Sergeant as a result of hostile work environment and retaliation.

**REASON FOR DEFICIENCY:**

Plaintiff is entitled to the information requested to demonstrate the pervasive hostile treatment and retaliation by Defendant. Defendant cannot limit its exposure to Plaintiff's claims of retaliation and hostile work environment by withholding documents which support her allegations of the atmosphere and conduct of male-coworkers, including their favorable treatment by their superiors. Defendant has not produced the requested documents and information. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

**REQUEST FOR DOCUMENTS NO. 10:**

From 2007 to date, documents indicating the fringe & retirement benefits, and the value of those benefits, available to members of the Sheriff's Department including but not limited to the effect of rank, grade, time in grade, seniority and other factors on the value of those benefits.

**RESPONSE TO REQUEST NO. 10:** The Sheriff objects to this request in that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims are for gender discrimination in the form of hostile work environment and retaliation in her reassignment out of the K9 unit in 2011. Plaintiff has not claimed she was denied fringe & retirement benefits

available to members of the Sherriff's Department as a result of hostile work environment and retaliation. The Sheriff further objects to this request in that it is vague and confusing in its use of the words "value of those benefits" and "the effect of rank, grade, time in grade, seniority and other factors on the value of those benefits." Without waiving those objections, St. Mary's County possesses any responsive documents, not the Sheriff.

**REASON FOR DEFICIENCY:**

Plaintiff is entitled to the information requested to demonstrate the pervasive hostile treatment and retaliation by Defendant. Defendant cannot limit its exposure to Plaintiff's claims of retaliation and hostile work environment by withholding documents which support her allegations of the atmosphere and conduct of male-coworkers, including their favorable treatment. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim as to her damages from the Defendant's illegal discrimination. The Defendant has the ability to produce the documents requested and is merely attempting to avoid doing so.

**REQUEST FOR DOCUMENTS NO. 11:**

From 2007 to date, documents indicating the pay scales, rates, and overtime for the police units of all rank and grades within the Sherriff's Department.

**RESPONSE TO REQUEST NO. 11:**     The Sheriff objects to this request in that it is vague and confusing in its use of the words "for the police units of all rank and grades within the

Sherriff's Department." Without waiving that objection, all existing non privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

Plaintiff is entitled to the information requested to demonstrate the pervasive hostile treatment and retaliation by Defendant. Defendant cannot limit its exposure to Plaintiff's claims of retaliation and hostile work environment by withholding documents which support her allegations of the atmosphere and conduct of male-coworkers, including their favorable treatment. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

Moreover, the response is deficient as Defendant claims the information requested is privileged. Notwithstanding their unsupported claim Defendant failed to provide a log outlining the documents upon which privilege is alleged. By their response, Defendant is seemingly producing information and documents based on what he believes to be gender based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 12:**

All payroll records for all members of the K-9 Unit from January 1, 2010 to present, including documents showing number of overtime hours worked by all members of the unit and the schedules of days off for each member of the unit.

**RESPONSE TO REQUEST NO. 5: [Sic]** The Sheriff objects to this request in that it is overly broad and unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims are for gender-based discrimination in the form of hostile work environment and retaliation and involve just a few individuals. The Sheriff further objects on the basis that personnel files are deemed confidential under Maryland law, Md. Code Ann., Gen. Prov. § 4-311, and will not be produced except upon a showing of need and relevancy. Without waiving that objection, the Sheriff will produce responsive documents relating to claims of gender discrimination involving any of the individuals named in this interrogatory, and the relevant documents from personnel files of alleged comparators Todd Fleenor, Jason Graves, and Matt Rogers that are relevant to the claims and time period in this case, such as discipline records, records of qualifications and training, and payroll time sheets. Non-relevant records, such as personal and/or financial information will not be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Other than overtime records for Fleenor in 2011 and shift records for the K9 unit in 2011, no responsive documents were produced. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

**REQUEST FOR DOCUMENTS NO. 13:**

From 2007 to date, all documents related to any investigations of the truthfulness of any officer involved in any investigation or complaint against the Plaintiff including but not limited to Daniel Alioto (including but not limited to his resignation while under investigation); Matthew Rogers (including but not limited to his resignation while under investigation), James Fowler; Todd Fleenor; Michael Gardiner; Edward Evans; Robert Russell; John Horne; Sheena Tirpak; Steve Simonds; William Rishel; Michael Almassey; Steven Hall; DFC Grumbles; Lt. Cusic; Capt. Black; DFC Nelson; Julie Yingling.

**RESPONSE TO REQUEST NO. 5: [Sic]** The Sheriff objects to this request in that it is overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims are for gender discrimination in the form of hostile work environment and retaliation and involve just a few individuals. The Sheriff further objects on the basis that personnel files are deemed confidential under Maryland law, Md. Code Ann., Gen. Prov. § 4-311, and will not be produced except upon a showing of need any relevancy. Without waving that objection, the Sheriff will produce all existing non-privileged responsive documents only for those individuals named in this interrogatory who may testify in this case or who have been a witness in any administrative investigations into Plaintiff's conduct.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not

produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

The individuals cited in this request are relevant to Plaintiff's claim as these individuals were either directly involved in or complicit in discriminatory behavior contributing to this action. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim. Additionally, the information sought is directly relevant to Plaintiff's claims and speak to the overall practices of the employer in the administration of its own policies. The information sought will also demonstrate the retaliation perpetrated against Plaintiff and the lack of any accountability on those involved in any discriminatory practices. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

Defendant seemingly is producing documents and information based on what he believes to be only gender discrimination. Plaintiff's claims include pervasive hostile treatment and retaliation. Moreover, these requests speak to the truthfulness of witnesses and should be produced accordingly.

**REQUEST FOR DOCUMENTS NO. 14:**

Any and all documents submitted to and/or received from the U.S. Equal Employment Opportunity Commission which concern or relate in any way to Plaintiff's charge of discrimination filed with said agency.

**RESPONSE TO REQUEST NO. 4: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

**REQUEST FOR DOCUMENTS NO. 15:**

Copies of all internal complaints and/or grievances including investigative file and resolution filed by Daniel Alioto against any member of the Sheriff's Department from 2007 to present.

**RESPONSE TO REQUEST NO. 5: [Sic]** The Sheriff objects to this request on the basis that personnel files are deemed confidential under Maryland law, Md. Code Ann., Gen. Prov. § 4-311, and will not be produced except upon a showing of need and relevancy. Without waiving that objection, the Sheriff will produce all existing non-privileged responsive documents reflecting the complaints internal complaints filed by Daniel Alioto, the gender of the person he complained of, a brief description of the nature of the complaint, and the outcome of the investigation.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. No documents other than the file related to his theft and untruthfulness in the investigation were produced. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

**REQUEST FOR DOCUMENTS NO. 16:**

Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of sexual harassment, discrimination, or retaliation, made against Defendant or any of its employees or agents from 2001 to the present.

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not

produced the requested documents and information but asserts the claim that the information requested is privileged. Although some EEOC documents were produced, no internal docs related to any of the women, including but not limited to Fahey, Cpl. Sarah Russell, Cpl. Cindy Allen, were produced. Goodwin, as acknowledged by Hall & Horne in the IAB reports reported being treated differently because of her sex. Hall made changes to the K9 Unit after her report. Yingling's documents indicated Horne had to counsel Steven Hall on his inappropriate comments to women. None of these known documents were produced. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 17:**

From 2007 to date, any and all documents which reflect or set forth Plaintiff's job duties, as well as any other member of the K9 Unit, and responsibilities during her employment with you and the reason for any change of duties, suspension, or other reassignment.

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not

produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

**REQUEST FOR DOCUMENTS NO. 18:**

Complete file of all Internal Affairs Bureau and/or Office of Professional Responsibility investigations of Plaintiff.

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable. The requested information and documents will lead to admissible evidence relevant to this matter and will support Plaintiff's claim.

**REQUEST FOR DOCUMENTS NO. 19:**

Copies of all audio and or video recordings of the Plaintiff, Danial Alioto, or Steve Simonds, related to any complaint or investigation of the Plaintiff including but not limited to a call on or about June 6, 2011 on a recorded line referenced in the Plaintiff's IAB investigation related to Plaintiff informing Steve Simonds and/or Daniel Alioto at a "shots fired" incident about her communicating with Mathew Rogers.

**RESPONSE TO REQUEST NO. 5: [Sic]** The Sheriff objects to this request on the basis that personnel files are deemed confidential under Maryland law, Md. Code Ann., Gen. Prov. § 4-311, and will not be produced except upon a showing of need and relevancy. Without waiving that objection, the Sheriff will produce all existing non-privileged responsive documents relating to Administrative Investigation OPR No: AI-088.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 20:**

All documents related to communications, decisions, and placing the Plaintiff on administrative leave or administrative duty in 2011, the assignment of Jason Graves to the K9 Unit when the Plaintiff was on administrative duties and/or leave, the determination that any dog would unacceptably atrophy during the expected time of Plaintiff's administrative duties/leave, and Plaintiff's removal from the K-9 unit. Your production should include documents evidencing the amount of time other dogs were allowed to sit without an assigned officer from 2007 (the suspension of the K9 Unit) through 2011 (including the time allowed for John Cusic's dog to sit while he was injured).

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. No communications on these subjects were produced. In addition to the K9 Unit members, the communications of Edward Willinborg who oversaw policies and assignments, need to be produced. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 21:**

From 2007 to date, records and documents of all dogs assigned to all members of the K9 Unit, the duration of the assignment, why the assignment terminated, length of time any dog may have sat inactive/without assigned officer, and when dog was taken out of active service. All documents related to the failure to assign a dog to Plaintiff after Barry's retirement.

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. None of these records were produced. Fleenor produced an email but he is not a designee and the records on which he relied were not produced. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 22:**

From 2010 to 2012, copies of the St. Mary's County Budget including excerpts related to the K9 budget, any documents deviating from allocated funds for five officers paired with six canines,

documents related to the decision, and date, to assign Jason Graves to the K9 unit and ability to return Plaintiff to the K9 unit given the budget.

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable

**REQUEST FOR DOCUMENTS NO. 23:**

From 2007 to date, all electronic information stored on computers and hand-held devices, including audio and video recordings, emails and text messages related to the Plaintiff including but not limited to any communications sent by:

a. Daniel Alioto

b. Todd Fleenor

c. James F.A. Fowler

d. Robert Russell

e. John Horne

f.  Matthew Rogers

g.  Michael Gardiner

h.  Edward Evans

i.  Sheena Tirpak

j.  Steve Simonds

k.  William Rishel

l.  Michael Almassey

m.  Steven Hall

n.  DFC Grumbles

o.  Lt. Cusic

p.  Terry Black

q.  DFC Nelson

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce

all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable

**REQUEST FOR DOCUMENTS NO. 24:**

From 2000 to date, records relating in any way to any discrimination complaint filed by anyone against the Defendant including but not limited to Abbey Perkins and Michael Butler.

**RESPONSE TO REQUEST NO. 5: [Sic]** The Sheriff objects to this request in that records relating to Abbey Perkins and Michael Butler are not reasonably calculated to lead to the discovery of admissible evidence. Abbey Perkins was former employee who claimed she was sexually assaulted by a Sheriff's deputy with whom she had had a personal relationship. Records relating to Abbey Perkins will not be produce. Without waiving that objection, all other existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 25:**

From 2000 to date, records relating in any way to any demotions and/or terminations of employment of any women by the Defendant including but not limited to Julie Yingling.

**RESPONSE TO REQUEST NO. 5: [Sic]** The Sheriff objects to this request in that it is overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims are for gender discrimination in the form of hostile work environment and retaliation and involve just a few individuals. The Sheriff further objects on the basis that personnel files are deemed confidential under Maryland law, Md. Code Ann., Gen. Prov. § 4-311, and will not be produced except upon a showing of need and relevancy. Without waiving that objection, the Sheriff will produce all existing non-privileged responsive documents only for those women who have made claims of gender discrimination or sexual harassment.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 26:**

All documents you intend to use at trial in this matter.

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**REQUEST FOR DOCUMENTS NO. 27:**

All documents related to your policy on providing information about an employee or former employee to a prospective employer including all documents, including communications, Michael Gardiner had with Amtrak (Steven Travers), Prince Georges County, and the Maryland National Capital Park Police or other police agency regarding their inquiries to inquire about Plaintiff's employment, verification and references.

**RESPONSE TO REQUEST NO. 7: [Sic]** All existing non-privileged responsive documents will be produced.

**REASON FOR DEFICIENCY:**

This response is deficient as the Response number bears no relation to the Request number. Assuming that the answer immediately following the request is, in fact, responsive to this request

it is not properly numbered. Notwithstanding Defendants pleading deficiency, Defendant has not produced the requested documents and information but asserts the claim that the information requested is privileged. Further, Defendant, by their response, is seemingly producing information and documents based on what he believes to be related to gender-based discrimination. Plaintiff's claim includes pervasive hostile treatment and retaliation. Therefore, Defendant needs to produce all information as requested, providing a detailed log outlining exactly what information they claim is privileged and why they feel it is not discoverable.

**INTERROGATORY 14:**    From 2000 to date, describe all actions taken by defendant to prevent sexual harassment/discrimination from occurring in the workplace including but not limited to training for sexual harassment, retaliation, discrimination, and other training.

**ANSWER TO INTERROGATORY NO. 14:**    The Sheriff follows the St. Mary's County Policy for Equal Employment Opportunity and Harassment, which was in effect at times relevant to the allegations made by Plaintiff. The policy addresses instances of workplace discrimination and harassment. Under the policy, discrimination and harassment based on gender and other protected statuses are strictly prohibited. As it relates to harassment, employees are encouraged to report harassment to their direct supervisor, department head, the County Director of Human Resources, or any other supervisor or department head with whom the employee feels comfortable, and in doing so may bypass the chain of command. When such a report is made, an investigation is to be conducted. At the Sheriff's Office, this investigation will be conducted by the Internal Affairs Unit or, when appropriate, by investigators from another County's Sheriff's Office. In addition to adhering to those policies, sexual harassment training is a regular component of in-service training conducted through the Tri-County/Southern Maryland

Criminal Justice Academy, and the Sheriff conducts regular on-line training through Power DMS.

**REASON FOR DEFICIENCY:**

There was no response as to which officers had the sexual harassment training and when, just a document that indicated personnel should have the training by November 2016. If no training was done before 2016 please state and also provide the attendance and/or completion documentation.

**INTERROGATORY 18:** If you contend that Edward Evans, who was K9 Unit Supervisor, was not Plaintiff's supervisor during that time, or had no ability to direct the members of the K9 Unit so state and indicate all facts on which you contest Plaintiff's IAB statement that Evans made comments about her being kicked off the unit if she became pregnant, yelled at Plaintiff about dating, and changed her work schedule and request for overtime to prevent her from working the same shift as her boyfriend.

**ANSWER TO INTERROGATORY NO. 18:** The Sheriff objects to this interrogatory in that it is vague and confusing in that it does not specifically identify the assertions of Plaintiff regarding Evans. The Sheriff reserves the right to revise his answer this interrogatory if Plaintiff clarifies this interrogatory. Without waiving that objection, see Answer to Interrogatory No. 17.

**REASON FOR DEFICIENCY:** The interrogatory wasn't answered with a request for clarification. To clarify, we asked about ability to direct, and if the Defendant disputes, that Evans and others could do things like give her a schedule, give her an area assignment, and conduct her performance reviews. To further clarify, we asked if the Defendant disputed the comments Plaintiff reported above. Was it investigated? Was it documented? What were the findings?

**INTERROGATORY 24:**     Identify and describe the facts which led you to request a Fitness for

Duty Evaluation of Plaintiff in July 2011, and subsequent counseling and/or training, including

your reasonable basis Plaintiff may have been unable to safely or effectively perform her defined

job and (2) how that inability was attributable to a psychological condition or impairment pursuant

to the Int'l Assoc of Chiefs of Police guidelines, or other guidelines upon which you rely.  Your

response should include the exact  referral questions you submitted for the Plaintiff's Fit for Duty

Evaluation,  who developed these referral questions, and detail all communications, emails, notes,

or documents related to any such referral.

**ANSWER TO INTERROGATORY NO. 24:**     The Sheriff objects to this

interrogatory in that it is vague and confusing in that it does not specifically identify the

"Int'l Assoc of Chiefs of Police guidelines" referred to.   The Sheriff reserves the right to

revise his answer this interrogatory if Plaintiff clarifies this interrogatory.  Without waiving

that objection, the request for a Fitness for Duty Evaluation of Plaintiff in July 2011 was

based on Plaintiff's sustained disciplinary infractions from 2009 through 2011, to which

Plaintiff plead guilty, which called into question her discipline, judgment, and ability to

carry out her duties as a K9 handler.  The objective of the fitness for duty evaluation was

to determine if Plaintiff was in need of agency assistance to help her carry out her duties

and possibly identify ways the Sheriff could assist her in that regard.  There were no "exact

referral questions submitted for the Plaintiff's Fit for Duty Evaluation," and the

documentation of the referral can be found in Exhibit 5 to Michael Gardiner's affidavit

(ECF Doc. 11-5). Although the Sheriff did not consult with the "International Association of Chiefs of Police guidelines" when referring Plaintiff for a Fitness for Duty Evaluation, the referral nonetheless complied with section 4.1 of the IACP's 2018 Psychological Fitness-for-Duty Evaluation Guidelines.

**REASON FOR DEFICIENCY:**

The Answer is an objection which does not relate who made the referral, why, and how the basis for the referral was documented. If you contend that the IACP, or other controlling guidelines, were adhered to, state why there were no "exact referral questions", and the reasons why there were not any.

**WHEREFORE**, Plaintiff requests that Defendant be Ordered to produce discovery responses immediately or be sanctioned.

Respectfully Submitted,

**BYRD & BYRD, LLC**

/s/_____
Timothy P. Leahy, Esquire, No. 15084
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448 Ext. 105
(301) 805-5178 – Fax
tleahy@byrdandbyrd.com

/s/_____
Patricia Cleary, Esquire, No. 147287
*Attorneys for Plaintiff Elizabeth O'Connor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was, on October 9, 2019 sent via first class mail, postage prepaid, email, and/or through the Court's electronic service to the persons registered to receive such notice, including:

Brian Frosh, AG for Maryland
Carl N. Zacarias, AGA, Bar No. 28126
Kristin Lustila, AGA, Bar No. 02103
State Treasurer's Office
80 Calvert Street, 4th Floor
Annapolis, Maryland 21401
(410) 260-6139
(410) 260-7412
czacarias@treasurer.state.md.us

klustila@treasurer.state.md.us

/s/_____
Timothy P. Leahy, Esquire, No. 15084


## CERTIFICATE OF GOOD FAITH

**I HEREBY CERTIFY** that I have, in good faith conferred, or attempted to confer with the Defendant's counsel to obtain discovery without court action in accordance with FRCP Rule 37(a)(1).

**BYRD & BYRD, LLC**

/s/_____
Timothy P. Leahy, Esquire, No. 15084
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448 Ext. 105
(301) 805-5178 – Fax
tleahy@byrdandbyrd.com

/s/_____
Patricia Cleary, Esquire, No. 147287
*Attorneys for Plaintiff Elizabeth O'Connor*