


### BYRD&BYRD LLC
### ATTORNEYS AT LAW

*Not Just Good Lawyers...Good Counsel*

August 10, 2019

Carl N. Zacarias, AAG, Bar No. 28126
State Treasurer's Office
80 Calvert Street, 4th Floor
Annapolis, Maryland 21401
(410) 260-6139
czacarias@treasurer.state.md.us

                                Re:        O'Connor v. Cameron
                                Case No.  8:17-cv-03394-DKC

Dear Carl:

      This letter is to outline deficiencies in your client's responses to Plaintiff's discovery requests. Initially, your client's response to our Request for Production of Documents contains several errors: your client is referred to as "Harford County Sheriff" and throughout the document, the Response number bears no relation to the Request number. We are assuming that the answer immediately following the request is, in fact, responsive to that request, regardless of its number. Please let me know if this is incorrect.

      **Request Nos. 1, 2, 3, 4, 7, 8, 11, 16, 17, 18, 26, 27**: As your client references documents which still exist and the privilege associated with them, please provide a privilege log for all documents upon which you claim privilege. Also, provide the Sheriffs document retention and destruction schedule and any policies related to this topic. Further, your office should not be making production based on what you believe to be only gender discrimination when the claims include pervasive hostile treatment and retaliation. Please produce all the requested records and personnel files.

      **Request Nos. 5, 6, 12, 13, 14, 15, 20, 21, 22, 23**: In previous discussions, we have agreed to maintain the confidentiality of documents relating to personnel issues and other sensitive information. Additionally, social security numbers can be redacted. The information sought is directly relevant to Plaintiff's claims and speak to the overall practices of the employer in the administration of its own policies. The information sought will also demonstrate the retaliation perpetrated against Plaintiff and the lack of any accountability on those involved in any discriminatory practices. Further, your office should not be making production based on what you believe to be only gender discrimination when the claims include pervasive hostile treatment and retaliation. Some of the requests relate to the truthfulness of witnesses and should also be produced. Please produce all the requested records and personnel files.

      **Request Nos. 9 and 10**: Plaintiff is entitled to the information requested to demonstrate the pervasive hostile treatment and retaliation by Defendant. Defendant cannot limit its exposure to Plaintiff's claims of retaliation and hostile work environment by withholding documents which support her allegations of the atmosphere and conduct of male-coworkers, including their favorable treatment. Additionally, this information directly impacts Plaintiff's damages. Further, your office should not be

14300 Gallant Fox Lane, Suite 120 • Bowie, MD 20715 • tel 301-464-7448 • fax 301-805-5178 • byrdandbyrd.com

| TOBY N. BYRD | JACQUELINE D. BYRD | TIMOTHY P. LEAHY* | JOSHUA D. WINGER* | R. ANTHONY PASCIUTO | PATRICIA CLEARY* |
|---|---|---|---|---|---|
| tbyrd@byrdandbyrd.com | jbyrd@byrdandbyrd.com | tleahy@byrdandbyrd.com | jwinger@byrdandbyrd.com | rpasciuto@byrdandbyrd.com | pcleary@byrdandbyrd.com |

*Also Admitted in D.C.

making production based on what you believe to be relevant. Please produce all the requested records and personnel files.

**Request No. 13**: As mentioned previously, Plaintiff agrees to maintain the confidentiality of any documents and Defendant cannot limit Plaintiff's access to relevant information to demonstrate the hostile work environment and the Defendant's failure to enforce its own policies, which will be demonstrated by the documents requested. Plaintiff is aware of Alioto's resignation for his untruthfulness, and Matthew Rogers' alcohol abuse on the job and his untruthful conduct. All information concerning all of these individuals is relevant to this litigation and goes to their credibility as witnesses. Please produce all the requested records and personnel files.

**Request No. 19**: Defendant fails to answer this request. The request wants audio and video recordings and a recorded call on a specific date. Please produce.

**Request No. 24**: Plaintiff is aware of the sexual harassment and assault perpetrated against Abbey Perkins. Selective document production based on Defendant's characterization of events as a single assault and not a pattern of harassment leading to an assault illustrates why Defendant should not be determining relevancy. Again, this information goes directly to the Defendant's handling the reporting of claims, the hostile work environment and Defendant's practices with regard to investigating these types of claims. Please produce all the requested records and personnel files.

**Request No. 25**: Plaintiff is entitled to this information as it relates to the treatment of female employees, including her demotion/counseling, vis a vis male officers, similar to the refusal of Defendant to allow plaintiff to use a duty day to care for her dog. This was determined by the EEOC to be directly relevant. Please produce all the requested records and personnel files.

There are deficiencies with Defendant's Answers to Interrogatories as follows:

**Interrogatory #1**: Plaintiff is entitled to have the information about witnesses with firsthand knowledge of any matters, not just who signs the answers.

**Interrogatory #2**: Plaintiff did request contact information for former employees so have your client produce this information. With regard to some of Defendant's current employees, Maryland Rule of Professional Conduct prohibits opposing counsel to contact only current employees who supervise, direct or regularly communicate with the organization's attorneys. If Defendant's contention is that Todd Fleenor does not have supervisory responsibility, please provide his contact information. With regard to anyone to whom you simply refer us to documents to be produced, that is not sufficient. Name them in the answers, give their contact info, and indicate if you claim they have the ability to bind such that we can't contact them directly. If they can't bind and you insist on depositions, slowing our investigation, Plaintiff will request sanctions and attorney fees.

**Interrogatory #8 and 9**: This interrogatory request all facts which support the reasons for Plaintiff to be placed on administrative duty. Provide the underlying factual materials which formed the basis of Michael Gardiner's affidavit upon which you rely. Since Gardiner lacks personal knowledge this answer must be supplemented.

2

**Interrogatory #10:** Defendant failed to answer this Interrogatory. Provide facts supporting the decision to place Graves in the K9 unit, to eliminate Plaintiff's position and facts relied upon to determine that a dog would atrophy while Plaintiff was on leave and why Defendant did not wait until Plaintiff's return to acquire a new dog. In addition, provide specific information on the decisions made with regard to Cusack's dog. Provide the underlying factual materials which formed the basis of Michael Gardiner's affidavit upon which Defendant relies. Since Gardiner lacks personal knowledge this answer must be supplemented.

**Interrogatory #11:** Provide the list so that all records are provided and not "inadvertently" left out.

**Interrogatory #12:** This answer is nonresponsive. Defendant certainly maintains records of personnel issues. Defendant fails to answer the question and merely relates to female employees who allegedly had inappropriate relationships with subordinates. Plaintiff is aware of the issues concerning Robert Russell so please provide a complete response.

**Interrogatory #14:** Defendant fails to answer this Interrogatory and needs to provide specific information about type of training, how often training was conducted, training dates, and which employees actually received training. Since Defendant alludes that some of this was online training, electronic records will exist.

**Interrogatory #15 and 16:** Defendant fails to respond. In light of the known issues relating to Robert Russell, Plaintiff requests that Defendant fully respond.

**Interrogatory #24:** Defendant fails to respond to this interrogatory by not providing facts which led it to request the FFD evaluation, nor does it provide the facts to support its reasonable basis to determine that Plaintiff could not perform her job. In addition, Defendant fails to identify all communications, emails, notes or documents related to the referral for the FFD evaluation. Given the timing of the referral the contemporaneous communications, emails, notes and documents are critically relevant.

**Interrogatory #25:** While Defendant has not produced any documents as of this date, it appears that Defendant is failing to answer the interrogatory as it requests the facts leading to the complaint, and facts relied upon to initiate the investigation. Moreover, Defendant needs to identify the specific policies requested, not just reference documents, so it is clear not were inadvertently not produced and it is clear which policies were relied on. Given the timing of the psychological referral the policies are critically relevant.

For Interrogatories #26-30, will your client respond or will Plaintiff need to file a motion to request this information and/or note additional depositions? Carl, we are aware that many of the answers provided in your client's discovery responses are designed to obfuscate the facts to support Plaintiff's claims. The documented untruthfulness of Defendant's employees who played a major role in the events complained of also leads the Plaintiff to believe that Defendant is not being completely forthcoming in his responses. We look forward to resolving this discovery dispute. We are in the process of noting 11 depositions over 4 days, about 30 hours, and need to discuss the additional

depositions that will be required by your document production. For instance, Simonds deposition may be eliminated when we receive the actual audio.

                        Respectfully Submitted,

                        **BYRD & BYRD, LLC**

                        Timothy P. Leahy, Esquire
                        Patricia Cleary, Esquire