

EXHIBIT 2



# BYRD & BYRD LLC
## ATTORNEYS AT LAW

*Not Just Good Lawyers...Good Counsel*

August 29, 2019

Carl N. Zacarias, AGA
State Treasurer's Office
80 Calvert Street, 4th Floor
Annapolis, Maryland 21401
(410) 260-6139
czacarias@treasurer.state.md.us

                        Re:        O'Connor v. Cameron
                        Case No.  8:17-cv-03394-DKC

Dear Carl:

      We emailed about, inter alia, the missing personnel records, back on August 16th. Hopefully those have been requested and will be produced shortly. Hopefully the Court will extend discovery but it would be appreciated if we could receive the supplemental discovery responses by September 13 to avoid a motion to compel. In addition to the depositions already noted, we need to add Edward Willenborg, Cpl. Sarah Russell, and Cpl. Cindy Allen. If they are not "agents" or no longer with the Defendant, please send their direct contact information and I'll reach out to them directly. As noted in my prior email, we didn't get contact information for all of the witnesses, except through your department, or agent designations, so we still have no way of contacting any witness. Hopefully this can be done immediately.

      In addition to the above, in reviewing Defendant's discovery responses more fully they are deficient as noted below:

**REQUEST FOR DOCUMENTS NO. 1:** From 2007 to date any and all policies and procedures of Defendant. We did not receive:

**(a)** Employee personnel policies, sexual harassment policies **(we got a partial as an Exhibit to another document)**, internal complaint or grievance procedures, EEO policies, discipline & termination policies. **There was a slide presentation which referenced an EEO Plan but no copy of the Plan or Policies requested.**

**(b)** Standard Operating Procedures (SOP) for all divisions;

14300 Gallant Fox Lane, Suite 120 • Bowie, MD 20715 • tel 301-464-7448 • fax 301-805-5178 • byrdandbyrd.com

TOBY N. BYRD    JACQUELINE D. BYRD    TIMOTHY P. LEAHY*    JOSHUA D. WINGER*    R. ANTHONY PASCIUTO    PATRICIA CLEARY*
tbyrd@byrdandbyrd.com  jbyrd@byrdandbyrd.com  tleahy@byrdandbyrd.com  jwinger@byrdandbyrd.com  rpasciuto@byrdandbyrd.com  pcleary@byrdandbyrd.com

*Also Admitted in D.C.*

(c)   Sheriff's Office Admin and Operations Manual

(e)   Employee Handbooks given to officers including the Plaintiff

(j)   K-9 unit policies including but not limited to assignment/reassignment of dogs, handling of dogs, medical care for dogs, use of duty days or pay for medical care for dogs, compensation of K9 officers for additional time necessary to care for dogs, care for dogs when handler is not assigned or on leave, retirement or removal of dogs.

**For the K-9 policies, it appears there were no policies produced, although what was produced was just an email from Fleenor where he references to checking his records and files. He is not designated as corporate designee and the records and/or files should be produced.**

**REQUEST FOR DOCUMENTS NO. 4:** All communications, emails, notes, or documents related to the reason and decision Plaintiff was referred in 2011 for psychological, psychiatric or fit for duty evaluations and counseling with Dr. Whitten, Dr. DiBernardo or any other health care provider counselor. Your response should include a copy of the relevant sections of the Int'l Assoc of Chiefs of Police guidelines, or other guidelines you used in making the referrals, and the evidence that such a referral was reasonable as Plaintiff may have been unable to safely or effectively perform her defined job and (2) the reasonable basis for believing that inability was attributable to a psychological condition or impairment and that no lesser restrictive alternate was available to you.

**No communications were produced, only the actual reports. Please produce the relevant communications which were made in the ordinary course of business and can't be privileged. If documents are claimed as privileged, please produce a privilege log.**

**REQUEST FOR DOCUMENTS NO. 5:** The complete personnel file of Defendant's employee/agents who are witness to any of the events alleged in Plaintiff's complaint, have alleged discrimination within the Sherriff's office, and/or are witnesses to any investigations of Plaintiff, including but not limited to the following:

a. Daniel Alioto

b. Todd Fleenor

c. James F.A. Fowler

d. Robert Russell

e. John Horne

f. Matthew Rogers

g. Michael Gardiner

h. Edward Evans

i. Sheena Tirpak

j. Steve Simonds

k. William Rishel

l. Michael Almassey

m. Steven Hall

n. DFC Grumbles

o. Lt. Cusic

p. Terry Black

q. DFC Nelson

r. Julie Yinling

s.  From 2007 through 2011, any officer in the K9 Unit

**None of these personnel files were produced and Nicole Fahey's documents, although no personnel file was produced, referenced that she was forced to resign but a male Dep. Bowen was simply demoted.  His file would be responsive to this request as would the files referenced by Julie Yingling including Cpl. Sarah Russell and Cpl. Cindy Allen.**

**REQUEST FOR DOCUMENTS NO. 6:** All of the following documents:  formal write-ups; Documented Discussions; sustained complaints; non-sustained complaints; exonerated complaints; Internal Affairs Bureau and/or Office of Professional Responsibility complaints and investigative files; internal complaints and investigative files; external complaints and investigative files; documentation of training given on sexual harassment, discrimination and retaliation; job descriptions; performance reviews; bonuses awarded, including dates of bonus and amount for all of Defendant's employees/agents who are witnesses to any of the allegations contained in Plaintiff's Complaint, including but not limited to:

a.  Daniel Alioto

b.  Todd Fleenor

c.  James F.A. Fowler

d.  Robert Russell

e.  John Horne

f.  Michael Gardiner

g.  Edward Evans

h.  Sheena Tirpak

i.  Steve Simonds

j. William Rishel

k. Michael Almassey

l. Steven Hall

m. Sen DFC Grumbles

n. Lt. Cusic

o. Terry Black

p. DFC Nelson

q. From 2007 through 2011, any officer in the K9 Unit

**None of these were produced although we did receive documents on Alioto's ultimate resignation. Although we want all of them, including Fowler's records, and those of the other K-9 unit members, need to be produced. Given that Fowler's actions caused the K9 unit to be suspended, there has to be volumes of documents leading up to his being allowed to retire on disability rather than being disciplined and/or terminated after the complaint made against him.**

**REQUEST FOR DOCUMENTS NO. 7:** All Personnel Orders written concerning the Plaintiff, date of the Order and date Order was amended or rescinded, including but not limited to Personnel Order 11-1158 returning her to duty in July 2011.

**Known orders are missing including her off work order for July 6, 2011, and back to work Order for July 10.**

**REQUEST FOR DOCUMENTS NO. 8:** All documents, including emails, receipts, time records, pay stubs, audio recordings, or any other documents concerning Todd Fleenor's use of a duty day to obtain veterinary care for his dog and the denial of same to Plaintiff.

**No documents were produced.**

**REQUEST FOR DOCUMENTS NO. 9:** From 2007 forward the testing results for applicants for the position of Sgt, their ranking, the number of openings available at the time of that testing, the names of all individuals promoted to Sgt and the reasons why any Sgt positions were not filled.

**No documents were produced.**

**REQUEST FOR DOCUMENTS NO. 12:**

All payroll records for all members of the K-9 Unit from January 1, 2010 to present, including documents showing number of overtime hours worked by all members of the unit and the schedules of days off for each member of the unit.

**Other than overtime records for Fleenor in 2011 and shift records for the K9 unit in 2011, no responsive documents were produced.**

**REQUEST FOR DOCUMENTS NO. 15:** Copies of all internal complaints and/or grievances including investigative file and resolution filed by Daniel Alioto against any member of the Sheriff's Department from 2007 to present.

**No documents other than the file related to his theft and untruthfulness in the investigation were produced.**

**REQUEST FOR DOCUMENTS NO. 16:** Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of sexual harassment, discrimination, or retaliation, made against Defendant or any of its employees or agents from 2001 to the present.

**Although some EEOC documents were produced, no internal docs related to any of the women, including but not limited to Fahey, Cpl. Sarah Russell, Cpl. Cindy Allen, were produced.**

**Goodwin, as acknowledged by Hall & Horne in the IAB reports reported being treated differently because of her sex. Hall made changes to the K9 Unit after her report.**

**Yingling's documents indicated Horne had to counsel Steven Hall on his inappropriate comments to women. None of these known documents were produced.**

**REQUEST FOR DOCUMENTS NO. 20:** All documents related to communications, decisions, and placing the Plaintiff on administrative leave or administrative duty in 2011, the assignment of Jason Graves to the K9 Unit when the Plaintiff was on administrative duties and/or leave, the determination that any dog would unacceptably atrophy during the expected time of Plaintiff's administrative duties/leave, and Plaintiff's removal from the K-9 unit. Your production should include documents evidencing the amount of time other dogs were allowed to sit without an assigned officer from 2007 (the suspension of the K9 Unit) through 2011 (including the time allowed for John Cusic's dog to sit while he was injured).

**No communications on these subjects were produced. In addition to the K9 Unit members, the communications of Edward Willinborg who oversaw policies and assignments, need to be produced.**

**REQUEST FOR DOCUMENTS NO. 21:** From 2007 to date, records and documents of all dogs assigned to all members of the K9 Unit, the duration of the assignment, why the assignment terminated, length of time any dog may have sat inactive/without assigned officer, and when dog was taken out of active service. All documents related to the failure to assign a dog to Plaintiff after Barry's retirement.

**None of these records were produced. Fleenor produced an email but he is not a designee and the records on which he relied were not produced.**

**REQUEST FOR DOCUMENTS NO. 23:** From 2007 to date, all electronic information stored on computers and hand-held devices, including audio and video recordings, emails and text messages related to the Plaintiff including but not limited to any communications sent by:

a. Daniel Alioto

b. Todd Fleenor

c. James F.A. Fowler

d. Robert Russell

e. John Horne

f. Matthew Rogers

g. Michael Gardiner

h. Edward Evans

i. Sheena Tirpak

j. Steve Simonds

k. William Rishel

l. Michael Almassey

m. Steven Hall

n. DFC Grumbles

o. Lt. Cusic

p. Terry Black

q. DFC Nelson

**None of these documents were produced.**

**REQUEST FOR DOCUMENTS NO. 27:** All documents related to your policy on providing information about an employee or former employee to a prospective employer including all documents, including communications, Michael Gardiner had with Amtrak (Steven Travers), Prince Georges

County, and the Maryland National Capital Park Police or other police agency regarding their inquiries to inquire about Plaintiff's employment, verification and references.

**None of these documents were produced.**

**INTERROGATORY 14:** From 2000 to date, describe all actions taken by defendant to prevent sexual harassment/discrimination from occurring in the workplace including but not limited to training for sexual harassment, retaliation, discrimination, and other training.

**There was no response as to which officers had the sexual harassment training and when, just a document that indicated personnel should have the training by November 2016. If no training was done before 2016 please state and also provide the attendance and/or completion documentation.**

**INTERROGATORY 18:** If you contend that Edward Evans, who was K9 Unit Supervisor, was not Plaintiff's supervisor during that time, or had no ability to direct the members of the K9 Unit so state and indicate all facts on which you contest Plaintiff's IAB statement that Evans made comments about her being kicked off the unit if she became pregnant, yelled at Plaintiff about dating, and changed her work schedule and request for overtime to prevent her from working the same shift as her boyfriend.

**The interrogatory wasn't answered with a request for clarification. To clarify, we asked about ability to direct, and if the Defendant disputes, that Evans and others could do things like give her a schedule, give her an area assignment, and conduct her performance reviews. To further clarify, we asked if the Defendant disputed the comments Plaintiff reported above. Was it investigated? Was it documented? What were the findings?**

**INTERROGATORY 24:** Identify and describe the facts which led you to request a Fitness for Duty Evaluation of Plaintiff in July 2011, and subsequent counseling and/or training, including your

reasonable basis Plaintiff may have been unable to safely or effectively perform her defined job and (2) how that inability was attributable to a psychological condition or impairment pursuant to the Int'l Assoc of Chiefs of Police guidelines, or other guidelines upon which you rely. Your response should include the exact referral questions you submitted for the Plaintiff's Fit for Duty Evaluation, who developed these referral questions, and detail all communications, emails, notes, or documents related to any such referral.

**The Answer is an objection which does not relate who made the referral, why, and how the basis for the referral was documented. If you contend that the IACP, or other controlling guidelines, were adhered to, state why there were no "exact referral questions", and the reasons why there were not any.**

Sincerely,

BYRD & BYRD, LLC

Patricia Cleary, Esquire